UNITED STATES DISTRICT COURT  Hand-Delivered

FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

JUL 11 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

KENNETH WAYNE TOLBERT,
Plaintiff,

v.

BENJAMIN WORRALL and
SUMMER WORRALL,
Defendants.

Case No.: (To be assigned) 3:25-cv-502-FDW

## NOTICE OF FEDERAL REMOVAL

Pursuant to the Judiciary Act of 1789 (1 Stat. 79), the Civil Rights Act of 1866 (14 Stat. 27), and the Civil Rights Act of 1871 (17 Stat. 13)

TO: The Honorable Judges of the United States District Court for the Western District of North Carolina, Charlotte Division:

NOW COMES Kenneth Wayne Tolbert, Removing Party, pro se, and respectfully files this Verified Notice of Removal of the above-captioned civil action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina (File No. 24CV005379-590), and states as follows:

I. PROCEDURAL BACKGROUND

1. This action originated in Mecklenburg County Superior Court and concerns real property located at 2433 Booker Avenue, Charlotte, NC 28216.

2. The Plaintiff initiated the action; however, the case was procedurally distorted and resulted in an adverse ruling without due process of law, converting Plaintiff into the constructive defendant under color of law.

3. The state court issued summary judgment and writs in violation of procedural and statutory safeguards, depriving the Removing Party of constitutionally protected rights.

II. JURISDICTIONAL BASIS FOR REMOVAL

A. Federal Question – Judiciary Act of 1789 (1 Stat. 79, §12)

4. This case arises under the Constitution and laws of the United States. The state court violated Plaintiff's procedural due process rights by:

a. Entering summary judgment before expiration of a court-ordered response period;
b. Executing a writ of possession in violation of N.C.G.S. § 1-310 and Rule 62(a);
c. Rescheduling hearings without notice or consent;
d. Refusing to docket or rule on Plaintiff's timely motions.

5. These acts constitute unlawful deprivation of rights under color of state law.

B. Civil Rights Violation – Civil Rights Acts of 1866 (14 Stat. 27) and 1871 (17 Stat. 13)

6. Plaintiff asserts property and civil rights protected under the 1866 Act guaranteeing the right to "inherit, purchase, lease, sell, hold, and convey real and personal property."

7. The state court denied Plaintiff a fair forum and procedural equity, violating rights enforceable under the Civil Rights Act of 1871.

C. Fraud Upon the Court – Hazel-Atlas Doctrine (322 U.S. 238)

8. Plaintiff was denied a fair hearing and impartial tribunal due to:

a. Defense counsel's unauthorized participation without a formal Notice of Appearance;
b. Unilateral manipulation of the court calendar to ambush Plaintiff's Rule 60 motion;

c. Execution of a writ allegedly disclaimed by the Clerk as improperly issued.

9. These acts meet the federal standard for judicial fraud warranting removal and federal supervisory correction.

D. De Facto Defendant Doctrine

10. Although nominally the Plaintiff, Removing Party has been procedurally reclassified as the adverse party, and now defends against state-sanctioned deprivation of property.

11. Removal is permitted where a party becomes the actual respondent to unlawful state action. See Georgia v. Rachel, 384 U.S. 780 (1966).

III. TIMELINESS OF REMOVAL

12. The state court entered its final adverse order on June 9, 2025.

13. This Notice is filed within thirty (30) days of formal service on June 11, 2025, rendering it timely under procedural law derived from the Judiciary Acts.

IV. VENUE

14. Venue lies properly with this Court pursuant to the location of the underlying action, which was pending in Mecklenburg County, within the Charlotte Division of the Western District of North Carolina.

V. RECORDS AND FILINGS

15. A true and correct copy of all state court filings and proceedings will be submitted to this Court in accordance with federal removal procedure and the statutory requirement for transcript and docket record transmittal.

VI. RELIEF REQUESTED

WHEREFORE, Removing Party respectfully requests:

1. That this Court assume immediate jurisdiction over the above-entitled action;

2. That all further proceedings in Mecklenburg County Superior Court be stayed and nullified pursuant to federal supremacy and the Act of 1789;

3. That the Clerk issue docket orders and notice of removal to the appropriate parties;

4. That Removing Party be granted leave to amend or supplement this Notice as needed;

5. That this Court grant all further relief in equity and law as justice requires.

Respectfully and lawfully certified under the penalty of perjury that the foregoing is true and correct,

/s/ *[signature]* Kenneth Wayne Tolbert, As Good As Any
Kenneth Wayne Tolbert
5719 Anderson Rd.
Charlotte, NC 28269
Email: creditamnestyprofessionals@gmail.com
Phone: (704) 820-2673
Pro Se Removing Party

Executed: July 11, 2025

Filed with the Clerk of the United States District Court for the Western District of North Carolina, Charlotte Division; and

Filed with the Clerk of Mecklenburg County Superior Court, in accordance with federal removal procedures.

Respectfully submitted and lawfully certified,

/s/ *Kenneth Wayne Tolbert, As Good As Aval*

Kenneth Wayne Tolbert

5719 Anderson Rd.

Charlotte, NC 28269

Email: claimyournationality@gmail.com

Phone: (704) 820-2673

Pro Se Removing Party

Dated: July 11, 2025